UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH S. FERGUSON,

　　　　Petitioner,

　　　　　　v.　　　　　　　　　　　　CAUSE NO. 3:25-CV-503-TLS-APR

INDIANA ATTORNEY GENERAL,

　　　　Respondent.

OPINION AND ORDER

　　　　Kenneth S. Ferguson, a petitioner without a lawyer, filed a Section 2241 habeas petition challenging the dismissals of three federal civil cases: *Ferguson v. Warden*, 1:20-cv-225 (N.D. Ind. dismissed Sept. 3, 2020); *Ferguson v. City of Kokomo*, 1:20-cv-2539 (S.D. Ind. dismissed Nov. 6, 2020); *Ferguson v. Indianapolis Metropolitan Police Department*, 1:20-cv-2252 (S.D. Ind. dismissed Nov. 10, 2020). Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

　　　　The habeas petition is somewhat difficult to parse, but Ferguson broadly argues that the federal courts wrongly dismissed his civil cases. The court may issue a writ of habeas corpus under Section 2241 only if the petitioner is in custody. *See* 28 U.S.C. § 2241(c). Contrary to the allegations in the petition, Ferguson is not presently confined at either of the Indiana federal courts. It is also readily apparent that Ferguson is not in any form of custody pursuant to an order or judgment in the challenged federal civil cases. Therefore, the court cannot grant him habeas relief.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate whether this petition states a valid claim for a denial of a constitutional right or for encouraging Ferguson to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) pursuant to Section 2254 Habeas Corpus Rule 4 because the claims do not relate to any form of custody;

(2) DENIES Kenneth S. Ferguson a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on June 27, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT